Burke, J.
Plaintiffs in each of these actions are limited partners of Ira Haupt & Co. The Haupt partnership went into bankruptcy because of its inability to meet its obligations on large loans made to Allied Crude Vegetable Oil Refining Co. upon the strength of warehouse receipts allegedly issued by defendant American Express Company (Amexco) through a wholly owned subsidiary. Plaintiffs sued Amexco contending that defendant’s tortious acts resulted in Haupt’s insolvency and the loss of plaintiffs’ investment in the partnership. The complaints were dismissed by the trial court on the grounds that plaintiffs lacked capacity to sue and that the complaint and amended complaints failed to state facts sufficient to constitute a cause of action. This dismissal was properly affirmed by the Appellate Division.
We are not confronted on these appeals with the issue whether limited partners can bring a representative action on a claim which the general partners have refused to prosecute because of an alleged conflict of interest (see Lichtyger v. Franchard Corp., 18 N Y 2d 528, decided herewith). No similar charges are leveled by plaintiffs against the general partners of Haupt. The question here presented is whether the limited partners can prosecute an action as individuals when at the same time their partnership’s trustee in bankruptcy is suing the same defendant on behalf of the partnership and all its creditors for some $52,000,000 which amount includes the damages sought by the limited partners herein. We answer this question in the negative.
Two of the plaintiffs’ causes of action were originally brought on behalf of Haupt, but after the trustee instituted such a proceeding some of the plaintiffs amended their complaints by omitting these claims. The mere fact that the Referee in bankruptcy has permitted plaintiffs to institute these suits does not mean that *573 plaintiffs have the requisite capacity to do so. "We perceive no reason why plaintiffs should be allowed to sue the defendant separately when their trustee in bankruptcy is doing so on behalf of the partnership and all its creditors. "When a wrong is done to the partnership, legal action must usually be pursued in the partnership name, and that is exactly what is being done by the trustee. A limited partner only incurs a limited liability and is only permitted a limited, if any, voice in the administration of the partnership. When the liability is limited, so too are the rights limited. A limited partner should have no greater right in seeking redress than a general partner, and here all the rights of the general partners are being protected by the trustee. We find no reason to grant plaintiffs different treatment or protection. It is true that as limited partners plaintiffs are creditors of Haupt, but under section 112 of the Partnership Law their rights are subordinate to those of Haupt’s general creditors, which may become impaired if the present suit is not dismissed. This is not to say that the partnership (or the trustee in bankruptcy, as the case may be) cannot effectively sue Amexco, or that plaintiffs have not been injured by Amexco’s alleged tor-tious conduct. Plaintiffs, as limited partners of the bankrupt company, are entitled only to those rights possessed by all the other creditors and partners of Haupt. Any other result would indeed lead to an undesirable plethora of suits, and would be inconsistent with well-recognized principles of the law of partnership.
Secondly, even if they did possess the requisite capacity to institute these actions, plaintiffs fail to state facts upon which recovery can be predicated. As the Special Term pointed out, no cause of action lies under former section 134 of the G-eneral Business Law (now Penal Law, § 369) which makes it a crime for a warehouseman to issue or aid in issuing a receipt for goods that have not actually been received by him, or which are not under his actual control at the time of issuing such receipt. Pursuant to former section 106 of the General Business Law (now Uniform Commercial Code, § 7-203), such a statutory cause of action inures exclusively to the party to or purchaser for value of the warehouse receipt.
Plaintiffs also allege, however, that their complaints state facts upon which relief can be granted based on a theory of prima *574 facie tort. With, this we cannot agree. The limited partners refer ns to the case of Ultramares Corp. v. Touche (255 N. Y. 170 [1931]) as precedent for snch a recovery, bnt their reliance is ill-founded. Prevalent thronghont Chief Judge Caeuozo’s opinion therein is the awareness that there existed a reliance upon the allegedly fraudulent financial statement and that such reliance was the sine qua non for recovery. Plaintiffs here did not rely upon the integrity of the warehouse receipts and consequently that element is missing to prosecute a cause of action in fraud. For that reason, fraud as such was dropped as a gravamen of these suits. Without snch reliance, and without fraud as the basis of the complaint, plaintiffs can find no support in Ultramares for their prima facie tort theory. “ ‘ The assumption of one relation will mean [if recovery were allowed] the involuntary assumption of a series of new relations, inescapably hooked together ’ * * * ‘ The law does not spread its protection so far’”. (Ultramares Corp. v. Touche, supra, p. 189.)
Keene Lbr. Co. v. Leventhal (165 F. 2d 815 [1st Cir., 1948]), upon which plaintiffs also place their 'reliance, does not persuade us otherwise. The facts in that case are quite different from those presented here: defendant, after directly and apparently with malice inducing plaintiff to continue its dealings with Davenport-Brown, Inc., on the promise that defendant had invested large sums of money in said company and would see to it that any and all bills thereof would be satisfied, tortiously stripped Davenport of all its assets, with the result that it became bankrupt to the damage of plaintiff. While it is true that Keene, a creditor of the bankrupt lumber company, was permitted to sue the alleged tort-feasor, the wrong had been perpetrated directly upon Keene by the defendant. It was only through defendant’s direct dealings with and promises to Keene that the latter was induced to continue its financial transactions with the bankrupt firm. No such situation, exists here. Defendant Amexco had no business dealings with and made- no promises to the limited partners of Haupt, and it must be remembered that plaintiffs here are not suing on behalf of the partnership. Plaintiffs contend that “ The Keene case thus demonstrates that suit will lie in favor of anyone whose contractual expectations have been indirectly injured by socially undesirable conduct, *575 at least where it is claimed that the injury was foreseeable by defendant.” Under this theory it might well be argued that, anytime a debtor refused to pay a creditor, the creditors of that creditor would have a cause of action against the debtor for interfering with the contract between the debtor’s creditor and this creditor’s creditor. As was stated earlier, “ The law does not spread its protection so far.”
Finally, it is apparent that plaintiffs’ rights, whatever they may be, are adequately protected by our Federal bankruptcy procedures, and to allow certain creditors of the bankrupt to sue as individuals might well harm the rights of the bankrupt’s other varied creditors. It is easy to say that naturally there can be no double recovery, but this does not go to the essence of the difficulty in allowing such a suit as this to proceed to judgment. It is readily foreseeable that either Haupt’s other creditors or the defendant Amexco or both could be prejudiced by plaintiffs’ recovering a full or even a partial award herein. The rights of the trustee have not yet been determined, leaving the entire situation a matter of conjecture and speculation. Under these circumstances, nothing but greater confusion can be accomplished by allowing this suit to continue.
Accordingly, dismissal of the plaintiffs’ complaints was proper since plaintiffs, as limited partners of Haupt, lack the requisite capacity to sue; they fail to state facts upon which relief can be granted; and the allowance of such a claim may well be in conflict with our Federal bankruptcy procedures which vest all the partners’ rights in the bankrupt’s trustee. By no means is the defendant Amexco being granted immunity from prosecution for its allegedly tortious conduct — the rights of all the injured parties involved with Haupt, including its limited partners, can best be satisfied in one proceeding, already initiated by the trustee in bankruptcy.
The orders of the Appellate Division, affirming the dismissal of the plaintiffs’ complaints, should be affirmed, with costs.
Chief Judge DesmoNd and Judges Yak Voorhis, Scileppi, BergaN and KeatiNG concur; Judge Fuld taking no part.
In each case: Order affirmed, with costs.