■ BERNABE GONZALEZ, Respondent, v EDWARD CHALPIN et al., Appellants.—In an action to recover damages for breach of

contract, the defendants Edward Chalpin and Tribute Music, Inc. appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), entered May 10, 1989, which, after a nonjury trial, is in favor of the plaintiff and against them in the sum of $55,835.27.

Ordered that the judgment is affirmed, with costs.

According to the allegations in the complaint herein, in March 1980 the plaintiff Bernabe Gonzalez was hired by the defendants as superintendent of their apartment building in Long Beach, Long Island. Subsequent to his accepting that employment, the defendants negotiated with the plaintiff to perform certain extensive renovations on the apartment building, which was in a state of disrepair. In exchange for performing this additional work, which took the plaintiff approximately one year to complete, the defendants promised him additional fair compensation above and beyond the $150 per week and free apartment which he received as payment for his routine superintendent work. In August 1980 the defendants hired a new superintendent, and ceased paying the plaintiff a weekly salary, but kept him as an employee, solely to perform the renovations. Sometime in the spring of 1981, the plaintiff was dismissed by the defendants and evicted from his apartment, having received only $2,500 as compensation for his labor.

In December of 1985 the plaintiff instituted the present action to recover damages for breach of contract. A bill of particulars was served outlining in detail the extensive work performed by the plaintiff and the claimed value thereof, totaling $51,090.

In defense, the defendants claimed, *inter alia,* that no oral contract for additional compensation ever existed between the plaintiff and the defendants. In addition, the defendants raised the defense of laches, and the defendant Edward Chalpin claimed protection as a limited partner in the defendant Excel Associates, alleging that any part he took in the running of the partnership's business was solely in his role as an officer of the corporate general partner of Excel Associates, Tribute Music, Inc.

After a nonjury trial, the court granted judgment in favor of the plaintiff for the full amount of his claimed damages.

In the present appeal, the defendants assert that the evidence was insufficient to support the court's finding that the alleged oral agreement existed, and that even if it did, the damages awarded were excessive. Because a fair interpreta-

tion of the evidence adduced at trial of this action supports the findings of the trial court, both as to the existence of the alleged contract and the value of the work performed, much of which was substantiated by photographic evidence, those findings will not be disturbed on appeal (see, *Alleva v Alleva Dairy*, 129 AD2d 663). In support of this conclusion, we take note of the fact that the trial court was presented with little in the way of credible factual testimony to refute the alleged value of the work performed by the plaintiff.

As to Chalpin's claim that he was a limited partner in the defendant Excel Associates, and should therefore not be held personally liable in this action, the evidence, including Chalpin's own testimony, clearly supported the court's finding that he performed an extensive role in running the affairs of the partnership. The rule in New York is that a limited partner is only permitted a limited, if any, voice in the administration of the partnership (*Sloan v Clark*, 18 NY2d 570). Where the limited partner does play an active role in the partnership's affairs, he or she becomes liable as a general partner (Partnership Law § 96).

Although the evidence offered at the trial clearly showed that Chalpin played a role, if not the major role, in running Excel Associates, he claims that any part he played was solely in his capacity as an officer of general partner Tribute Music, Inc., of which Chalpin was sole shareholder. However, there was no evidence tending to show that Chalpin acted on behalf of the partnership in anything but his individual capacity nor was any evidence tendered to support Chalpin's claim to having been an officer of Tribute Music, Inc., or having acted in that capacity beyond the bald assertions contained in the certificate of limited partnership. In fact, Chalpin admitted to having signed the plaintiff's paychecks himself in his individual capacity, and no evidence was offered to show that Chalpin ever held himself out as acting otherwise than in his individual capacity on behalf of Excel Associates in his dealings with the plaintiff. The protections afforded a limited partner were therefore properly denied Chalpin under the facts of this case.

Finally, since the instant action is an action at law to recover damages for breach of contract brought within the applicable Statute of Limitations, the equitable defense of laches is not available to bar the plaintiff's claim (see, *Columbus Trust Co. v Campolo*, 110 AD2d 616, *affd* 66 NY2d 701). Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.