■ CHRISTINE C. HILGENDORFF, Respondent, v DAVID N. HILGENDORFF, Appellant. [660 NYS2d 150] —In an action to recover damages for breach of a stipulation of settlement, the terms of which were incorporated but not merged into a judgment of divorce entered December 19, 1988, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 23, 1996, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2) a judgment of the same court, entered July 15, 1996, which, after a hearing on the issue of damages, is in favor of the plaintiff and against him in the total sum of $25,712.71.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In 1988 the parties executed a stipulation of settlement which, among other things, delineated their rights and obligations with respect to a condominium they jointly owned. Pursuant to the agreement, the parties were to continue sharing all expenses associated with ownership of the condominium "without limitation". After the defendant failed to pay his share of expenses, the plaintiff brought this action to recover damages for breach of the stipulation.

Contrary to the defendant's contention, the doctrine of laches is inapplicable here. That doctrine, which bars recovery where a plaintiff's inaction has prejudiced the defendant and rendered recovery inequitable, has no application in actions at law (see, Matter of County of Rockland v Homicki, 227 AD2d 477; Gonzalez v Chalpin, 159 AD2d 553, affd 77 NY2d 74).

Furthermore, the defendant's reliance on the doctrine of in pari delicto is also without merit. An agreement which is "lawful on its face and which does not contemplate or necessarily

entail unlawful conduct in its performance is enforcible by the promisee even though he engages in unlawful activity in the agreement's performance" *(Dodge v Richmond,* 10 AD2d 4, 14, *affd* 8 NY2d 829), provided the promisee does not require the aid of the illegal transaction to make out his case *(see, McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465, 471; *Ferkin v Board of Educ.,* 278 NY 263, 268). Clearly, the contract at issue here is lawful on its face and there is no implication that it was entered into with fraudulent design. Furthermore, any alleged tax fraud committed by the parties was wholly collateral to and independent of the contract's performance.

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.