■ CARROLL B. LESESNE, Appellant, v ELSIE N. LESESNE, Respondent, et al., Defendant. [740 NYS2d 352] —In an action, inter alia, to recover damages for breach of contract and defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scancarelli, J.), entered October 10, 2000, as granted those branches

of the motion of the defendant Elsie Nelson Lesesne which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, third, fifth, and sixth causes of action insofar as asserted against her for failure to state a cause of action, and denied that branch of his cross motion pursuant to CPLR 3211 (e) which was for leave to replead any cause of action found to be legally insufficient.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Elsie Nelson Lesesne which was to dismiss the plaintiff's first cause of action insofar as asserted against her, and substituting therefore a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant Elsie Nelson Lesesne (hereinafter the respondent) were formerly husband and wife. On March 12, 1998, they entered into a "post-nuptial agreement" which provided, in relevant part, that neither would "in any way, molest, disturb, annoy, harass, threaten or malign the other party * * * in any manner whatsoever." The provisions of the postnuptial agreement were incorporated, but not merged, into the parties' subsequent judgment of divorce.

The plaintiff brought this action against, among others, the respondent, alleging, inter alia, that she and/or her other former husband, the defendant Owen Dowd, had engaged in conduct which, in essence, constituted an extended campaign of harassment against him. Among the allegations were that the respondent and/or Owen had repeatedly contacted various news media agencies and tabloids with disparaging stories about the plaintiff, a wealthy plastic surgeon, in an attempt to ruin him and destroy his relationship with a well-known, national television personality. The plaintiff also alleged that the respondent had made a number of harassing telephone calls to his business office. In his verified complaint, the plaintiff asserted a total of six causes of action against the respondent. They included breach of contract, injurious falsehood, tortious interference with business relations, intentional infliction of emotional distress, and defamation.

We agree with the plaintiff that the Supreme Court improperly dismissed his first cause of action, which was to recover damages for breach of contract. Absent proof of fraud, duress, overreaching, or unconscionability, the postnuptial agreement "constitutes a contract between them which will be enforced according to its terms" (*Gagstetter v Gagstetter*, 283 AD2d 393, 395; *see, Hilgendorff v Hilgendorff*, 241 AD2d 481; *Lambert v*

*Lambert,* 142 AD2d 557). Taking all of the allegations in the complaint as true, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see, Held v Kaufman,* 91 NY2d 425, 432), the plaintiff's verified complaint sufficiently alleged that the respondent breached the above-referenced provision of the postnuptial agreement.

Contrary to the plaintiff's contentions, however, the Supreme Court properly dismissed the remaining causes of action insofar as asserted against the respondent. In his cause of action alleging injurious falsehood, the plaintiff failed to allege special damages with sufficient particularity (*see, Rall v Hellman,* 284 AD2d 113, 114; *Wasserman v Maimonides Med. Ctr.,* 268 AD2d 425, 426; *Nyack Hosp. v Empire Blue Cross & Blue Shield,* 253 AD2d 743). Similarly, in his cause of action alleging tortious interference with business relations, the plaintiff failed to allege that the respondent's conduct intentionally induced a breach of a specific contract between the plaintiff and a third party, or that the respondent otherwise rendered performance of a contract impossible (*see, M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488, 490). Similarly, the Supreme Court correctly dismissed the cause of action alleging defamation, as the complaint failed to allege the time, place, and manner of the allegedly false statements and to whom such statements were made (*see, Sirianni v Rafaloff,* 284 AD2d 447; *Grynberg v Alexander's, Inc.,* 133 AD2d 667). The Supreme Court also properly dismissed the cause of action alleging intentional infliction of emotional distress, since the plaintiff failed to allege that the respondent's conduct resulted in severe emotional distress to him (*see generally, Howell v New York Post Co.,* 81 NY2d 115, 121; *Christenson v Gutman,* 249 AD2d 805, 808).

The Supreme Court correctly denied that branch of the plaintiff's cross motion which was for leave to replead the causes of action alleging injurious falsehood, tortious interference with business relations, and defamation. "CPLR 3211 (e) provides in pertinent part that 'leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action.' The evidence should be in the form of affidavits of those with direct knowledge of the facts. Insofar as the plaintiff's application for leave to replead was submitted in the context of an attorney's affirmation, the requisite proof is lacking" (*527 Smith St. Brooklyn Corp. v Bayside Fuel Oil Depot Corp.,* 262 AD2d 278, 279; *see, Cuglietto v Ferone,* 269 AD2d 556; *Corporate Natl. Realty v Philson Ltd.,* 232 AD2d 518, 519). Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.