■ HAROLD ROTH, Respondent, v BLACK STAR PUBLISHING Co., INC., Appellant. [753 NYS2d 743] —In an action, inter alia, to recover damages for conversion, the defendant appeals from (1) so much of an order of the Supreme Court, Queens County (LeVine, J.), dated November 29, 2001, as granted the plaintiff's motion to restore the action to the trial calendar, and (2) an order of the same court, dated March 15, 2002, which denied that branch of its motion which was for leave to reargue the plaintiff's motion and which purportedly denied that branch of its motion which was to strike the note of issue dated January 14, 2002.

Ordered that the appeal from the order dated March 15, 2002, is dismissed; and it is further,

Ordered that the order dated November 29, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant contends that the instant action should be dismissed pursuant to the doctrine of laches (*see First Nationwide Bank v Calano*, 223 AD2d 524). However, it is well settled that the doctrine of laches, "which bars recovery where a plaintiff's inaction has prejudiced the defendant and rendered recovery inequitable, has no application in actions at law" (*Hilgendorff v Hilgendorff*, 241 AD2d 481; *see Matter of County of Rockland v Homicki*, 227 AD2d 477; *Gonzalez v Chalpin*, 159 AD2d 553, 555, *affd* 77 NY2d 74). The instant action to recover damages is an action at law (*see Sager v Friedman*, 270 NY 472; *Stephens v Meriden Britannia Co.*, 160 NY 178).

If the defendant was troubled by the delay, its remedy was to serve a written demand that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand (*see* CPLR 3216 [b] [3]). The defendant failed to do so. It is well settled that "courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue" (*Chase v Scavuzzo*, 87 NY2d 228, 233; *see Fernandez v Minsky*, 242 AD2d 665, 666; *Weber v Kessler*, 224 AD2d 520, 521).

So much of the appeal from the order dated March 15, 2002, which denied that branch of the defendant's motion which was for leave to reargue, must be dismissed on the ground that no appeal lies from an order denying reargument. Additionally, the appeal must be otherwise dismissed since that branch of the defendant's motion which was to strike the plaintiff's note of issue dated January 14, 2002, remains pending and undecided (*see Icahn v Icahn*, 295 AD2d 567; *Katz v Katz*, 68 AD2d 536). Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.