■ BLINDS TO GO (U.S.), INC., Appellant, v TIMES PLAZA DEVELOPMENT, L.P., Respondent. [846 NYS2d 296]—

In an action to recover damages for breach of a commercial lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated July 25, 2006, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the amended complaint and denied its cross motion for an award of sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion to dismiss the amended complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff contends that the Supreme Court erred in granting the defendant's motion to dismiss the amended complaint based on the doctrine of laches because the doctrine is not applicable to actions at law. Although the plaintiff did not raise this argument before the Supreme Court, it may be considered on appeal because it presents an issue of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture (*see Hassan v Woodhull Hosp. & Med. Ctr.*, 282 AD2d 709 [2001]; *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293 [2000]).

The doctrine of laches, "which bars recovery where a plaintiff's inaction has prejudiced the defendant and rendered recovery inequitable, has no application in actions at law" (*Hilgendorff v Hilgendorff*, 241 AD2d 481 [1997]; *see Roth v Black Star Publ. Co.*, 302 AD2d 442 [2003]; *Matter of County of Rockland v Homicki*, 227 AD2d 477 [1996]). The instant action to recover damages for breach of a commercial lease is an action at law (*see Fade v Pugliani/Fade*, 8 AD3d 612 [2004]; *Gonzalez v Chalpin*, 159 AD2d 553 [1990], *affd* 77 NY2d 74 [1990]). Therefore, the Supreme Court erred in granting the defendant's motion to dismiss the amended complaint on this ground.

However, contrary to the plaintiff's contention, the Supreme Court properly denied its cross motion for an award of sanctions pursuant to 22 NYCRR 130-1.1.

In light of our determination, we need not reach the plaintiff's remaining contentions. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.