■ MARTIN CAMPOS, Respondent, v MENDEL OFMAN, Appellant. [853 NYS2d 369]—

The plaintiff alleged that the parties orally agreed that he would renovate several apartments in a building owned by the defendant in exchange for payment in the sum of $7,000 per apartment. Pursuant to this agreement, the plaintiff renovated nine of the defendant's apartments and, not having been fully compensated, commenced this action to recover damages for breach of contract. The defendant disputed that he had entered into such a contract, contending that he had informally engaged the plaintiff as a helper to assist him in renovating the apartments, for which services the plaintiff had been fully compensated. The jury concluded that a contract, as described by the plaintiff, existed between the parties and that the plaintiff had,

in fact, renovated nine of the defendant's apartments. After the verdict was rendered, the parties stipulated to the amount of damages.

The defendant's contention that there was insufficient evidence to prove that the plaintiff renovated nine apartments is without merit. In evaluating the legal sufficiency of the evidence, we "must determine whether there is any 'valid line of reasoning and permissible inferences which could possibly lead a rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Schwalb v Kulaski*, 38 AD3d 876, 877 [2007], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Viewing the evidence in the light most favorable to the plaintiff, as we must (*see Campbell v City of Elmira*, 84 NY2d 505, 509 [1994]; *Alexander v Eldred*, 63 NY2d 460, 464 [1984]; *Tribuzio v City of New York*, 15 AD3d 646, 647 [2005]), we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury here. Moreover, the verdict was supported by a fair interpretation of the evidence (*see Admae Enters. v Smith*, 222 AD2d 471, 471-472 [1995]; *Gonzalez v Chalpin*, 159 AD2d 553, 554-555 [1990], *affd* 77 NY2d 74 [1990]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]).

Further, the defendant's contention that the contract was unenforceable pursuant to New York City Administrative Code § 20-387 is raised for the first time on appeal and, therefore, is not properly before this Court (*see Glaser v County of Orange*, 22 AD3d 720, 721 [2005]; *Bragagnolo v EMC Mtge. Corp.*, 234 AD2d 328 [1996]; *Matter of Dowsett v Dowsett*, 172 AD2d 610, 611 [1991]).

The defendant is not entitled to review of his contention that the amount of damages awarded was inadequate since he stipulated to that amount (*see* CPLR 5511; *Bell v New York City Tr. Auth.*, 6 NY3d 770 [2006]; *Plotkin v New York City Health & Hosps. Corp.*, 88 NY2d 917 [1996]; *Sharrow v Dick Corp.*, 84 NY2d 976 [1994]).

To the extent that the defendant raises issues regarding certain orders of the Supreme Court dated February 3, 2003, July 20, 2004, November 9, 2005, and January 11, 2005 (*see* CPLR 5501 [a]), meaningful appellate review of these orders is impossible because of the incomplete record submitted (*see* CPLR 5526; *Salem v Mott*, 43 AD3d 397 [2007]; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]; *Matter of Allstate Ins. Co. v Vargas*, 288 AD2d 309, 310 [2001]), and we do not reach these contentions. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.