◼ LOUANN LAURIA et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Appellant. [860 NYS2d 175]—In an action to recover damages for personal injuries, etc., the defendant New York Hospital Medical Center of Queens appeals from a judgment of the Supreme Court, Queens County (Cullen, J.), entered July 19, 2007, which, upon a jury verdict finding it 99% at fault and the plaintiff Louann Lauria 1% at fault in the happening of the accident, and upon the denial of its motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiffs and against it in the principal sum of $162,500.

Ordered that the judgment is affirmed, with costs.

The appellant's contention that there was insufficient evidence to establish its negligence is without merit. In evaluating the legal sufficiency of the evidence, we "must determine

whether there is any 'valid line of reasoning and permissible inferences which could possibly lead a rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Schwalb v Kulaski*, 38 AD3d 876, 877 [2007], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Viewing the evidence in the light most favorable to the plaintiffs, as we must (*see Campbell v City of Elmira*, 84 NY2d 505, 509 [1994]; *Campos v Ofman*, 49 AD3d 485 [2008]), we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury herein. Moreover, the verdict was supported by a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.