■ SAMUEL AMACHEE, Respondent, v JOHN RAM MOHAMMED et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [869 NYS2d 608]—

When a party moves pursuant to CPLR 4404 (a) to set aside a verdict as unsupported by legally sufficient evidence and for judgment as a matter of law, the court must determine "whether 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Mirand v City of New York*, 84 NY2d 44, 48-49 [1994], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Raugalas v Chase Manhattan Corp.*, 305 AD2d 654, 655 [2003]). Here, there was adequate evidence in the trial record to support either of two competing versions of the accident—one in which a truck negligently backed into a bus owned and operated by the defendant New York City Transit Authority (hereinafter NYCTA), and the other in which the bus negligently struck the rear of the truck while attempting to maneuver around it. Accordingly, viewing the evidence in the light most favorable to the plaintiff (*see Alexander v Eldred*, 63 NY2d 460, 464 [1984]; *Lauria v City of New York*, 52 AD3d 577, 578 [2008]; *Campos v*

*Ofman,* 49 AD3d 485, 486 [2008]), it simply cannot be said that the verdict against NYCTA was "utterly irrational" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]) so as to warrant setting it aside and entering judgment in favor of NYCTA. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.