■ MICHAEL PEREZ et al., Respondents, v 2246 HOLDING CORP., Respondent, and CHAMA HOLDING CORP., Appellant. [895 NYS2d 747]—

In an action to recover damages for personal injuries, etc., the

defendant Chama Holding Corp. appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Starkey, J.), dated October 1, 2008, which, inter alia, denied those branches of its cross motion which were pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as found that it was 30% at fault for the injuries sustained by the plaintiff Michael Perez and for judgment as a matter of law, or to set aside that portion of the jury verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Chama Holding Corp. (hereinafter Chama) argues that there was insufficient evidence to establish that the individual who managed the building where the injured plaintiff sustained his injuries was acting within the scope of his employment with Chama, or that Chama was negligent in its management of the building. These contentions are without merit. When a party moves pursuant to CPLR 4404 (a) to set aside a verdict as unsupported by legally sufficient evidence and for judgment as a matter of law, the court must determine whether "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Amachee v Mohammed*, 57 AD3d 812 [2008]). Viewing the evidence in the light most favorable to the plaintiffs, as we must (*see Alexander v Eldred*, 63 NY2d 460, 464 [1984]; *Lauria v City of New York*, 52 AD3d 577, 578 [2008]), we find that a valid line of reasoning and permissible inferences could lead rational people to the conclusion reached by the jury herein. Moreover, the verdict was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]).

Chama's remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.