■ Arthur Cab Leasing Corp., Respondent, v Loup Hacking Corp., Appellant. [27 NYS3d 595]—

In an action to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 25, 2013, as denied its motion for summary judgment dismissing the complaint and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability for the early termination of an agreement between the parties and for an award of damages and liquidated damages, and (2) from a judgment of the same court entered June 3, 2014, which, upon the order, is in favor of the plaintiff and against it in the total sum of $123,114.05.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant, Loup Hacking Corp. (hereinafter Loup), is the owner of two New York City taxi medallions. Pursuant to the terms and conditions of a taxi medallion agreement dated May 1, 2010 (hereinafter the agreement), Loup leased the medallions to the plaintiff, Arthur Cab Leasing Corp. (hereinafter Arthur), in exchange for the monthly sum of $2,600 per medallion. The term of the agreement was for a period of four years and 10 months. The agreement provided that: "[i]f at any time during the term hereof [Loup] shall no longer lease the Medallion (s) to [Arthur] . . . for any other reason other than breach of contract by [Arthur], then [Loup] shall make [Arthur] whole for potential income that could have been earned by [Arthur] for the remainder of the term of the Agreement. Both parties agree that it would be difficult to determine the exact amount of potential income lost by [Arthur] as a result of breach of contract by [Loup]; and as such both parties agree that in case of such breach or early termination by [Loup] that [Arthur] shall receive from [Loup] the sum of ten thousand dollars ($10,000.00) per medallion per year or partial year in damages if termination is in year one (1) or year two (2) of the term

of this Agreement." Moreover, the agreement provided that a $10,000 signing bonus paid by Arthur to Loup at the signing of the agreement would be refunded to Arthur if Loup "fail[ed] to complete [its] obligations" under the agreement.

On or about April 1, 2011, in a letter from counsel for Loup, Arthur was informed that Loup wanted the medallions returned immediately and was informed that it was no longer to act as managing agent of the medallions. The New York City Taxi and Limousine Commission (hereinafter TLC) also sent a letter to Arthur, dated April 14, 2011, informing Arthur that Loup had removed Arthur as an authorized agent of record for the medallions. Arthur returned the medallions and subsequently commenced this action against the defendant alleging breach of contract and seeking damages.

Loup moved for summary judgment dismissing the complaint and Arthur cross-moved, inter alia, for summary judgment on the issue of liability. By order dated April 25, 2013, the Supreme Court denied Loup's motion and granted, in part, Arthur's cross motion. Subsequently, judgment was entered against Loup and in favor of Arthur in the total sum of $123,114.05. Loup appeals.

Contracts are to be construed as the parties intended. When the contract is in writing, the best evidence of what the parties intended is what they said in that writing (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*id.* at 569). In support of its cross motion for summary judgment, Arthur submitted the contract, which clearly stated that it was for a term of four years and 10 months. Arthur also submitted evidence that it had performed its obligations under the contract, that Loup breached the contract by prematurely terminating it, and that the contract itself provided for the measure of damages. In opposition to Arthur's prima facie showing of entitlement to judgment as a matter of law (*see AFA Protective Sys., Inc. v Orange Regional Med. Ctr.*, 128 AD3d 869 [2015]), Loup failed to raise a triable issue of fact (*see id.; Beys Specialty, Inc. v Euro Constr. Servs., Inc.*, 125 AD3d 911, 912 [2015]). Contrary to Loup's contention, nothing in the TLC rules rendered the agreement terminable at will. Moreover, Loup failed to submit any evidence to support its claim that the award of liquidated damages provided for in the agreement was grossly disproportionate to the amount of actual damages sustained by Arthur such that the liquidated damages provision amounted to a penalty which could not be

enforced (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 396 [1999]).

The defendant's remaining contentions, that the agreement violated the statute of frauds and that the agreement was unenforceable, were either waived (*see* CPLR 3018 [b]), or are raised for the first time on appeal and not properly before this Court (*see Campos v Ofman*, 49 AD3d 485 [2008]). Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.

Motion by the respondent to strike a certain document from the appellant's appendix on appeals from an order of the Supreme Court, Kings County, dated April 25, 2013, and a judgment of the same court entered June 3, 2014, to direct the appellant to correct the appendix, and to strike stated portions of the appellant's brief. By decision and order on motion of this Court dated May 21, 2015, the branch of the motion which was to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike stated portions of the appellant's brief is denied. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.