■ ARTHUR MINEROFF et al., Appellants, v EDWARD F. LONERGAN et al., Respondents. [58 NYS3d 136]—

Appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated September 1, 2015, and a judgment of that court entered September 30, 2015. The order, insofar as appealed from, denied that branch of the plaintiffs' motion

which was for summary judgment on the complaint and granted that branch of the defendants' cross motion which was for summary judgment on their second counterclaim. The judgment, upon the order, in effect, dismissed the complaint, and is in favor of the defendants and against the plaintiffs on the defendants' second counterclaim in the principal sum of $560,000.

·Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On or about October 6, 2014, the plaintiffs entered into a contract with the defendants pursuant to which the defendants were to purchase from the plaintiffs a property located in Southampton for $5.6 million. The contract provided that the closing was to take place on or about October 31, 2014.

The contract stated that, in the event of a default by the defendants, the plaintiffs' sole remedy would be to retain the $560,000 down payment as liquidated damages. The contract also included a rider, pursuant to which the plaintiffs represented that "the Premises is free and clear of any mold or evidence of any existing mold remediation."

Prior to the closing, by letter dated October 16, 2014, the defendants cancelled the contract, claiming, among other things, that an inspection of the property revealed extensive evidence of mold throughout the premises, and requested the immediate return of their down payment. In response, the plaintiffs asserted that the defendants failed to allege a substantial and material breach that would permit them to cancel and repudiate the contract. Therefore, according to the plaintiffs, the defendants' unilateral cancellation and repudiation of the contract and their demand for the return of their down payment constituted an anticipatory breach, entitling the plaintiffs to retain the down payment as liquidated damages.

The plaintiffs commenced this action against the defendants, alleging that they were entitled to retain the down payment based upon the defendants' breach of the contract or anticipatory breach of the contract. The defendants counterclaimed, alleging, in their second counterclaim, that the plaintiffs' repre-

sentation that "the Premises is free and clear of any mold or evidence of any existing mold remediation" was false, and, therefore, the plaintiffs breached and defaulted in their performance of the contract, by reason of which the defendants had the right to cancel the contract and were entitled to the return of their down payment. The defendants also filed a notice of pendency against the property.

In an order dated September 1, 2015, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on the complaint, granted that branch of the defendants' cross motion which was for summary judgment on their second counterclaim, directed the County Clerk to cancel the notice of pendency, and directed the plaintiffs to return the down payment. On September 30, 2015, the court entered a judgment which, upon the order, in effect, dismissed the complaint, and is in favor of the defendants and against the plaintiffs on the defendants' second counterclaim in the principal sum of $560,000.

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment on their second counterclaim. In support of their cross motion, the defendants submitted, among other things, the affidavit of a professional engineer who stated that he performed an inspection of the subject property on October 11, 2014, and that he "observed evidence of water in the basement, including puddles, rust on the bottom of the boilers and metal, stains on the floor and walls, and suspect mold." He further stated that he "observed suspect mold on the garage ceiling, the basement utility room, the sub-basement utility room, and the second floor master bedroom closet." The engineer recommended that "a mold specialist be called in to evaluate the toxicity of the mold" and that "the scope of the mold" could only be known by having "a certified industrial hygienist or someone with similar experience test the mold." This affidavit established, prima facie, that the premises was not "free and clear of any mold." Contrary to the plaintiffs' contention, the contract does not indicate that they represented that the premises is free and clear of "toxic" mold only. "When the contract is in writing, the best evidence of what the parties intended is what they said in that writing" (*Arthur Cab Leasing Corp. v Sice Mois Hacking Corp.*, 137 AD3d 828, 830 [2016]; *see Givati v Air Techniques, Inc.*, 104 AD3d 644, 645 [2013]; *County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 947 [2012]). "It is the role of the courts to enforce the agreement made by the parties—not to add, excise or

distort the meaning of the terms they chose to include, thereby creating a new contract under the guise of construction" (*NML Capital v Republic of Argentina*, 17 NY3d 250, 259-260 [2011]). The provision at issue here states: "Sellers represent that the Premises is free and clear of any mold or evidence of *any* existing mold remediation" (emphasis added). Interpreting this provision as referring only to "toxic" mold would be adding a term to the contract that the parties chose not to include.

The plaintiffs correctly assert that the contract includes a provision stating that the defendants' obligation to purchase the premises is conditioned upon the "[t]he accuracy, *as of the date of Closing*, of the representations and warranties of [the plaintiffs] made in this contract" (emphasis added) and also includes a provision granting the plaintiffs the right to attempt to cure any defects the defendants are unwilling to waive and adjourn the date of closing for a period, or periods, of up to 60 days in order to do so. The plaintiffs assert that by cancelling the contract before allowing them the opportunity to cure the defendants' objections, the defendants anticipatorily breached the contract, entitling the plaintiffs to retain the down payment. However, the provision at issue states that "the premises is free and clear of any mold *or evidence of any existing mold remediation*" (emphasis added). Therefore, the condition is incurable inasmuch as any attempt to eradicate the existing mold will constitute evidence of existing mold remediation on the date of closing.

In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming that the photographs submitted by the plaintiffs were properly authenticated, they do not depict all of the areas of the premises in which the inspector observed mold. Furthermore, the affidavit of one of the plaintiffs, in which he stated that "to the extent that any such Defects did exist, I can unequivocally assert that we were never aware of any such defects," does not prove that mold was not present. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment on their second counterclaim, entitling them to the return of their down payment.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Hall, Austin and Barros, JJ., concur.