Avalonbay Communities, Inc. v Dukes (2023 NY Slip Op 50453(U))

[*1]

Avalonbay Communities, Inc. v Dukes

2023 NY Slip Op 50453(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2022-436 S C

Avalonbay Communities, Inc., Petitioner-Respondent, 
against
Gabrielle Dukes, Appellant, Alexandra Dukes, John Doe, and Jane Doe, Respondents-Respondents. 

Gabrielle Dukes, appellant pro se.
Law Office of Michael N. McCarthy, P.C. (Michael N. McCarthy of counsel), for petitioner-respondent (no brief filed).
Alexandra Dukes, John Doe, and Jane Doe, respondents-respondents pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District
(C. Stephen Hackeling, J.), entered June 2, 2022. The order denied Gabrielle Dukes's motion to vacate so much of a final judgment as was entered against her upon her failure to appear at a scheduled court date in a nonpayment summary proceeding and for a stay pending the determination of her second application to the Covid-19 Emergency Rental Assistance Program.
ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding only Gabrielle Dukes (tenant) appeared. The District Court entered a default final judgment against tenant, Alexandra Dukes, and John and Jane Doe after tenant failed to appear at a scheduled court date. Tenant moved to vacate so much of the default final judgment as was entered against her, asserting that she defaulted due to exposure to COVID-19 which required her to quarantine, which was the basis for her unsuccessful request for an adjournment of the scheduled court date, and that landlord advised her that she did not need to appear as funds from the Covid-19 Emergency Rental Assistance Program of 2021 (ERAP) (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 9, § 1, as amended by L 2021, ch 417, § 5, part A) satisfied the petition. She further asserted, among other things, that she did not owe the petition amount and that funds from ERAP satisfied the petition and that landlord is improperly seeking additional funds from her that accrued subsequent to the commencement of the proceeding. Tenant also stated that she had a second ERAP application pending, as the ERAP payment only covered 12 months, and that she is therefore entitled to a stay. By order entered June 2, 2022, the District Court denied tenant's motion.
To vacate a default final judgment on the grounds of excusable default (see CPLR 5015 [a] [1]), a party must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the proceeding (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131 [2016]; Lakeview Affordable Hous., LLC v Turner, 66 Misc 3d 142[A], 2020 NY Slip Op 50163[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Here, tenant demonstrated a reasonable excuse for defaulting as tenant asserted that she failed to appear due to COVID-19 exposure and because landlord advised her that she did not need to appear as ERAP funds satisfied the petition, which assertion is undisputed. 
However, tenant failed to allege facts sufficient to demonstrate a potentially meritorious defense. A review of the record shows that the ERAP funds did not fully satisfy the petition, as the payment did not cover arrears for May 2020 through October 2020, which months were included in the petition. Moreover, tenant's argument on appeal that the District Court improperly permitted landlord to amend the petition to include arrears that accrued subsequent to the commencement of the proceeding without serving a new rent demand or an amended petition is without merit (see Ciampa Whitepoint, LLC v Transpacific, LLC, 77 Misc 3d 139[A], 2022 NY Slip Op 51374[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; 36 Main Realty Corp. v Wang Law Off., PLLC, 49 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Tenant also argues for the first time on appeal that the arrears alleged in the petition were inconsistent, which argument will not be considered (see Arthur Cab Leasing Corp. v Sice Mois Hacking Corp., 137 AD3d 828 [2016]). Consequently, we leave undisturbed so much of the order as denied the branch of tenant's motion seeking to vacate the default final judgment entered against her based upon excusable default.
With respect to the branch of tenant's motion seeking a stay based upon her submission of a second ERAP application for additional months that were not previously awarded, we note that the ERAP statute provides that "in any pending eviction proceeding, whether filed prior to, on, or after the effective date of this act, against a household who has applied or subsequently applies for benefits under this program or any local program administering federal emergency rental assistance program funds to cover all or part of the arrears claimed by the petitioner, all proceedings shall be stayed pending a determination of eligibility" (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 8, as amended by L 2021, ch 417, § 4, part A). Thus, upon the record before us, a stay was already in effect by operation of law, which stay will only expire upon the Office of Temporary and Disability Assistance's determination of the ERAP application. Consequently, we also leave undisturbed so much of the order as denied the branch of tenant's motion seeking a stay. 
Accordingly, the order is affirmed.
EMERSON, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023