**Hello Beautiful Salon, Inc. v Dimoplon**

2024 NY Slip Op 31702(U)

May 14, 2024

Supreme Court, Kings County

Docket Number: Index No. 516031/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
-----------------------------------------------x
HELLO BEAUTIFUL SALON, INC.,

Plaintiff,                  Decision and order

    - against -                         Index No. 516031/2023

KRISTINA DIMOPLON, JUSTIN GOSLIN,
and LIVE BY THE SWORD,

Defendants,          May 14, 2024
-----------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN          Motion Seq. #1 & #2

       The defendants have moved pursuant to CPLR §3211 seeking to dismiss the complaint for the failure to allege any causes of action. The plaintiff has cross-moved seeking to amend the complaint. The motions have been opposed respectively. Papers were submitted by the parties and after reviewing all the arguments this court now makes the following determination.

       According to the complaint Hello Beautiful is a hair salon that employed the defendants Kristin Dimoplon and Justin Goslin. The complaint alleges the two defendants left the plaintiff's employment and opened their own hair salon and utilized the plaintiff's Clover point of sale account and utilized the plaintiff's customer list and other private information. The plaintiff instituted this action and has alleged causes of action for fraud, trespass to chattels, tortious interference with business relations, violations of General Business Law §349 and the breach of the employment contract. As noted the defendants have now moved seeking to dismiss the complaint on the grounds it

[*1]

fails to allege any causes of action. The plaintiff has cross-moved seeking to amend the complaint to cure some of those deficiencies.

### Conclusions of Law

In 2012 CPLR 3025(b) was amended and states that "any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading" (id). The practice commentaries accompanying the new rule state that "this new provision does not prescribe exactly how the changes are to be shown, but any document marked with "track changes," or some similar program, will likely suffice. Clarity should be the touchstone for any disputes on this front, and there are many ways in which the movant can achieve this legislative goal" (Patrick M. Connors, McKinney's Cons Law of NY, Book 7B, CPLR Practice Commentaries C3025:9A [2012]). Thus, while there are courts that have required such track changes (Bernard-Moses v. Chick-Fil-A, Inc., 81 Misc 3d 1241[A], 203 NYS3d 865 [Supreme Court Kings County 2024]) others have held their absence does not mean the request for an amendment should be denied (L. Raphale NYC C1 Corp., v. Solow Building Company LLC, 2019 WL 3765349 [Supreme Court New York County 2019] *reversed on other grounds,* 206 AD3d 590, 172 NYS3d 10 [1st Dept., 2022]). However, there can be no dispute that the plain meaning of the statute requires

2

[*2]

such changes to be apparent so that other parties and the court can easily identify them. Therefore, "the lack of such a clear showing leaves the non-moving parties no choice but to conduct a line-by-line comparison between the original and the allegedly amended pleadings. Such expenditure of time and effort shifts the burden from the Plaintiff to the non-movants to locate and object to any proposed changes rather than where it should be on movant to justify its changes. Further, the lack of clearly identified changes places an undue burden on courts" (see, Gomis v. Summit Glory LLC, 78 MIsc3d 1226(A), 186 NYS3d 915 [Supreme Court Bronx County 2023]). The submission of an amended complaint in reply is improper. The fully proposed amended complaint was required to be submitted in support of its motion in chief. New arguments cannot be made in reply. Therefore, the motion seeking to amend the complaint is denied without prejudice.

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for

3

[*3]

summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

It is well settled that to succeed upon a claim of fraud it must be demonstrated there was a material misrepresentation of fact, made with knowledge of the falsity, the intent to induce reliance, reliance upon the misrepresentation and damages (Cruciata v. O'Donnell & Mclaughlin, Esqs,149 AD3d 1034, 53 NYS3d 328 [2d Dept., 2017]). Further, to succeed upon a claim of fraudulent concealment it must be demonstrated that in addition to the above requirements there was a fiduciary or confidential relationship which would impose a duty upon the defendant to disclose material information (Mitschele v. Schultz,36 AD3d 249, 826 NYS2d 14 [1st Dept., 2006], Wallkill Medical Development LLC v. Catskill Orthopaedics P.C., 178 AD3d 987, 115 NYS3d 67 [2d Dept., 2019]). Moreover, even absent a fiduciary relationship a duty to disclose may arise under the 'special facts' doctrine where one party maintains superior knowledge of essential facts as to render the entire transaction inherently unfair absent the disclosure (Jana L. v. West 129th Street Realty Corp., 22 AD3d 224, 802 NYS2d 132 [1st Dept., 2005]). As with all fraud claims, these elements must each be supported by factual allegations

4

[*4]

containing details constituting the wrong alleged (see, JPMorgan Chase Bank, N.A. v. Hall, 122 AD3d 576, 996 NYS2d 309 [2d Dept., 2014]).

Thus, pursuant to CPLR §3016(b) to plead fraud, the complaint must "sufficiently detail the alleged conduct" and contain fact that "are sufficient to permit a reasonable inference of the alleged conduct" (Pludeman v. Northern Leasing Systems Inc., 10 NY3d 486, 860 NYS2d 422 [2010]). In the complaint in this case there are absolutely no facts supporting allegations of fraud. The allegations merely contain conclusions that fraud was committed without explaining, with the detail required, how such fraud occurred. Thus, a complaint that alleges fraud "absent specific and detailed allegations establishing a material misrepresentation of fact, knowledge of falsity or reckless disregard for the truth, scienter, justifiable reliance, and damages proximately caused thereby, is insufficient to state a cause of action for fraud" (Old Republic National Title Insurance Company v. Cardinal Abstract Corp., 14 AD3d 678, 790 NYS2d 143 [2d Dept., 2005]).

In this case the complaint does not allege any misrepresentations made by the defendants to the plaintiff at all. The complaint merely alleges the defendants utilized plaintiff's information. Even if that is true that does not constitute fraud at all. Therefore, the motion seeking to

5

dismiss the first cause of action is granted.

Next, "to establish a trespass to chattels, the Plaintiff must plead an intentional and physical interference with the use and enjoyment of personal property in the Plaintiff's possession, without justification or consent" (AGT Crunch Acquisition LLC v. Bally Total Fitness Corporation, [Supreme Court New York County 2008]). Further, "an essential element in pleading trespass to chattel is harm to the condition, quality or material value of the chattels at issue" ("J. Doe No. 1" v. CBS Broadcasting Inc., 24 AD3d 215, 806 NYS2d 38 [1st Dept., 2005]). Moreover, "as applied to the online context, trespass does not encompass...an electronic communication that neither damages the recipient computer system nor impairs its functioning" (see, Mount v. PulsePoint, Inc., 2016 WL 5080131 [S.D.N.Y. 2016]). In this case there are only allegations the defendant's utilized the plaintiff's private information. That does not support a claim for trespass to chattels and this cause of action is likewise dismissed.

Next, in order to state an actionable claim for tortious interference with business relations, a plaintiff must allege: (1) the existence of a business relation with a party; (2) that the defendant, having knowledge of such relationship, intentionally interfered with it; (3) that the defendant either acted with the sole purpose of harming the plaintiff or by means

6

[* 6]

that were dishonest, unfair, or improper, and (4) a resulting injury to the plaintiff's business relationship (Island Rehabilitative Services Corp. v. Maimonides Med. Ctr., 19 Misc3d 1108A, 859 NYS2d 903 [Supreme Court New York County 2008]). In this case the complaint does not allege any specific business relationship with any third party that was affected by the alleged conduct (see, Lesesne v. Lesesne, 292 AD2d 507, 740 NYS2d 352 [2d Dept., 2002]). Therefore, the motion seeking to dismiss this cause of action is granted.

Next, it is well settled that to pursue a claim based upon General Business Law §349 the plaintiff must establish the challenged act or practice was consumer oriented, that it was misleading in a material way and that the plaintiff suffered harm as a result of such practices (Stutman v. Chemical Bank, 95 NY2d 24, 709 NYS2d 892 [2000]). There is no allegation that any of the alleged conduct was consumer oriented. The harms alleged only involve the plaintiff. Therefore, the motion seeking to dismiss this claim is granted.

Lastly, it is well settled that to succeed upon a claim of breach of contract the plaintiff must establish the existence of a contract, the plaintiff's performance, the defendant's breach and resulting damages (Harris v. Seward Park Housing Corp., 79 AD3d 425, 913 NYS2d 161 [1st Dept., 2010]). Further, as explained in Gianelli v. RE/MAX of New York, 144 AD3d 861, 41

7

[* 7]

NYS3d 273 [2d Dept., 2016], "a breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached" (id). In this case there is no provision of the contract that has been mentioned and the court cannot evaluate whether any breach even occurred. Therefore, the motion seeking to dismiss this cause of action is granted.

Further, there are no claims asserted against defendant Live by the Sword. Therefore, the motion seeking to dismiss the entire complaint is dismissed without prejudice.

So ordered.

ENTER:

DATED: May 14, 2024
      Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC