In the Matter of POUGHKEEPSIE CHEVROLET, INC., Respondent, v JEFF WEAVER'S 96 HOUR SUPER SALE, INC., Appellant. [779 NYS2d 512]—

In a proceeding pursuant to CPLR article 75, to permanently stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County (Catterson, J.), dated July 17, 2003, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner, Poughkeepsie Chevrolet, Inc. (hereinafter Poughkeepsie), hired the appellant to conduct a four-day sales event (hereinafter the sale) at Poughkeepsie's automobile dealership. The agreement between Poughkeepsie and the appellant contained a broad arbitration provision applicable to "[a]ny controversy or claim rising [sic] out of or relating to [the agreement], or the breach thereof."

In August 2001 the Attorney General notified Poughkeepsie of his intention to commence an action against it in connection with alleged false advertising used in connection with the sale. Subsequently, Poughkeepsie and the appellant entered into separate assurances of discontinuance with the Attorney General, agreeing, inter alia, to pay costs and penalties without any admission of wrongdoing.

In April 2003 the appellant sent Poughkeepsie a demand for arbitration alleging that Poughkeepsie owed it between $32,000 and $35,000 in connection with the sale. Poughkeepsie commenced this proceeding to permanently stay arbitration on the

ground, inter alia, that the agreement was illegal and unenforceable as against public policy. The Supreme Court granted the petition.

"The courts may intervene in a dispute which the parties had agreed to arbitrate where the arbitrators could not grant any relief without violating public policy" (*Board of Educ. v Areman*, 41 NY2d 527 [1977]; *see Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 417 [1978]). However, "where a court examines an arbitration agreement . . . on its face and concludes that the granting of *any* relief would violate public policy without extensive fact-finding or legal analysis, [it] may then intervene and stay arbitration" (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 284 [2000]; *see Matter of Sprinzen*, 46 NY2d 623, 631 [1979]; *Matter of County of Sullivan [Sullivan County Empls. Assn.]*, 235 AD2d 748 [1997]).

Where, as here, an agreement is lawful on its face, yet unlawful conduct is alleged to have tainted its performance, the question of whether the agreement may be enforced (*see Hilgendorff v Hilgendorff*, 241 AD2d 481 [1997]) or must be deemed wholly unenforceable as against public policy (*see McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465 [1960]) generally requires the type of extensive fact-finding that courts should avoid in a proceeding to stay arbitration (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95-96 [1975]; *cf. Matter of Hirsch Constr. Co. [Anderson]*, 180 AD2d 604, 604-605 [1992]). The Supreme Court improperly granted the petition to permanently stay arbitration on public policy grounds because it cannot be determined, at this stage in the proceeding, that an arbitrator could not grant any relief without violating public policy. However, if, after arbitration, the arbitrator's award violates public policy, the Supreme Court retains the power to vacate the award (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Mendelsohn v A & D Catering Corp.*, 100 AD2d 209, 213 [1984]). Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.