In the Matter of CITY OF UTICA URBAN RENEWAL AGENCY, Appellant, v TIMOTHY DOYLE, Respondent. [885 NYS2d 801]—

Appeal from an order of the Supreme Court, Oneida County (John W. Grow, J.), entered December 22, 2008 in a proceeding pursuant to CPLR article 75. The order denied the amended petition seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the amended petition is granted and arbitration is permanently stayed.

Memorandum: Petitioner agency (hereafter, agency) commenced this CPLR article 75 proceeding seeking a permanent stay of arbitration with respect to its termination of respondent as its executive director. We note at the outset that, although respondent is correct that the agency failed to comply with CPLR 7503 (c) by filing the petition within 20 days of respondent's service of the demand for arbitration, we nevertheless conclude that the proceeding was properly before Supreme Court because "[a]n untimely application to stay arbitration may . . . be granted if the agreement for which arbitration is sought is facially illegal or if upon facial examination of the agreement, a court may conclude that it would be against public policy to permit arbitration of the issue sought to be arbitrated" (*Matter of Land of the Free v Unique Sanitation*, 93 NY2d 942, 943 [1999]). The agreement containing the arbitration clause is an employment contract between the predecessor members of the agency and respondent. We conclude that the court should have granted the amended petition on the ground that public policy prohibits the predecessor members of the agency from binding its present successor members to the terms of the employment agreement between the predecessor members and respondent, thus rendering the instant arbitration clause invalid. The agency is a "corporate governmental agency" (General Municipal Law § 553 [2]), and it is empowered by statute to appoint an executive director (*see* § 554 [7]). Pursuant to the term limits rule, the predecessor members of the agency were prohibited "from contractually binding [their] successors in areas relating to governance unless specifically authorized by statute or charter provisions to do so" (*Matter of Karedes v Colella*, 100 NY2d 45, 50 [2003]). Here, the appointment of an executive director is unquestionably an "area[ ] relating to governance" (*id.*; *see Matter of Lake v Binghamton Hous. Auth.*, 130 AD2d 913, 914 [1987]), and there is no charter or statute authorizing the predecessor members to appoint an executive director (*see Karedes*, 100 NY2d at 50). The predecessor members of the agency, who were either elected officials or political appointees (*see* General Municipal Law § 616), had changed completely between the date on which the agreement was executed and the date on which it was terminated. Thus, the agreement concerning respondent's employment and containing the arbitration clause was void as against public policy and thus was not binding on the successor members of the agency (*see Lake*, 130 AD2d at 914). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.