In the Matter of CITY OF NEWBURGH, Appellant, v JEAN-ANN McGRANE, Respondent. [920 NYS2d 160]—

The City Council of the City of Newburgh (hereinafter the City Council) passed a resolution reappointing the respondent, Jean-Ann McGrane, to the position of City Manager for the City of Newburgh. The resolution provided that the term of employment would be three years, commencing June 1, 2006, and ending May 31, 2009. Thereafter, the City and McGrane entered into an employment agreement consistent with the resolution passed by the City Council. The employment agreement provided that McGrane was entitled to severance pay and other benefits if the City terminated her employment. Additionally, the employment agreement contained a broad arbitration provision applicable to "[a]ll claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof." Thereafter, approximately four months before the three-year term ended, the City Council passed a resolution dated January 12, 2009, terminating McGrane's employment as City Manager "effective immediately."

In February 2009 McGrane filed a demand for arbitration seeking an award of her salary and all benefits pursuant to the employment agreement. The City commenced this proceeding to vacate the demand for arbitration and permanently stay arbitration on the ground, inter alia, that the employment agreement was void as against public policy since it violated the term limits rule by binding the successor members of the City Council to a contract relating to the area of governance entered into by members of the predecessor City Council. The Supreme Court denied the petition, dismissed the proceeding, and directed the parties to proceed to arbitration. We affirm.

Arbitration is favored in the State of New York as a means of resolving disputes, and courts interfere as little as possible with agreements to arbitrate (see Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 49 [1997]; Matter of Miller, 40 AD3d 861, 861-862 [2007]; Dazco Heating & A.C. Corp. v C.B.C. Indus., 225 AD2d 578, 579 [1996]). However, "[t]he courts may intervene in a dispute which the parties had agreed to arbitrate where the arbitrators could not grant any relief without violating public policy" (Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411, 417 [1978]; see Board of Educ., Great Neck Union Free School Dist. v Areman, 41 NY2d 527 [1977]; Matter of Poughkeepsie Chevrolet, Inc. v Jeff Weaver's 96 Hour Super Sale, Inc., 8 AD3d 575, 576 [2004]).

" '[W]here a court examines an arbitration agreement . . . on its face and concludes that the granting of *any* relief would violate public policy without extensive fact-finding or legal analysis, [it] may then intervene and stay arbitration' " (*Matter of Poughkeepsie Chevrolet, Inc. v Jeff Weaver's 96 Hour Super Sale, Inc.*, 8 AD3d at 576, quoting *Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 284 [2000]; *see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]).

An agreement that violates the term limits rule is against public policy (*see Matter of City of Utica Urban Renewal Agency v Doyle*, 66 AD3d 1495 [2009]; *Karedes v Village of Endicott*, 297 AD2d 413, 415 [2002]). "The term limits rule prohibits one municipal body from contractually binding its successors in areas relating to governance unless specifically authorized by statute or charter provisions to do so" (*Matter of Karedes v Colella*, 100 NY2d 45, 50 [2003]; *see Morin v Foster*, 45 NY2d 287, 293 [1978]).

Here, any determination as to whether an arbitrator could not grant any relief without violating public policy on the ground that the employment agreement violated the term limits rule could not be made at this stage in the proceeding without extensive fact-finding or legal analysis (*see Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d at 418-419; *Matter of Poughkeepsie Chevrolet, Inc. v Jeff Weaver's 96 Hour Super Sale, Inc.*, 8 AD3d at 576; *see generally Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d at 284). Accordingly, the Supreme Court properly denied the petition, dismissed the proceeding, and directed the parties to proceed to arbitration. "However, if, after arbitration, the arbitrator's award violates public policy, the Supreme Court retains the power to vacate the award" (*Matter of Poughkeepsie Chevrolet, Inc. v Jeff Weaver's 96 Hour Super Sale, Inc.*, 8 AD3d at 576; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Mendelsohn v A & D Catering Corp.*, 100 AD2d 209, 213 [1984]).

The City's remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.