# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

360

CA 12-01778

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CENTER STATE SECURITY CONSULTANTS, INC.,
PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

SYRACUSE HOUSING AUTHORITY, DEFENDANT-RESPONDENT.

---

WALTER D. KOGUT, P.C., FAYETTEVILLE (WALTER D. KOGUT OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (BRIAN J. BUTLER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered December 7, 2011. The order, inter alia, granted defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this breach of contract action, plaintiff appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the complaint. Plaintiff contends that Supreme Court erred in granting defendant's motion on the ground that plaintiff's contract with defendant was unenforceable under the common-law term limits rule, which "prohibits one municipal body from contractually binding its successors in areas relating to governance unless specifically authorized by statute or charter provisions to do so" (*Matter of Karedes v Colella*, 100 NY2d 45, 50). We reject that contention.

Plaintiff is owned and operated by Matthew Kwiek, a retired Syracuse police officer who is also plaintiff's only employee. In June 2000, defendant and plaintiff entered into a contract (Agreement) for a term of 10 years pursuant to which plaintiff was to provide consultation services for defendant's security operations. The Agreement was approved by defendant's Board of Commissioners (Board). Defendant did not hire Kwiek directly because Kwiek would not have been able to work for defendant and receive his pension unless he received a waiver from the retirement system of his former employer. In January 2002, the Agreement was amended to increase plaintiff's compensation and to allow Kwiek to have vacation and sick time. The amendment was signed by defendant's then-Executive Director and Kwiek, but was not approved by the Board. In June 2006, one week before the

then-Executive Director retired, the Agreement was amended again without Board approval.  That second amendment extended the Agreement for another five years, i.e., until June 2015, under the same terms and conditions.  In July 2007, defendant, acting through its Board and a new Executive Director, terminated the Agreement, whereupon plaintiff commenced this action seeking damages for breach of the Agreement and its two amendments.

Following discovery, defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability.  In granting the motion, the court determined that the Agreement violated the term limits rule and that, even if the initial Agreement was enforceable, the two amendments thereto were invalid and unenforceable because they had not been approved by the Board.

Plaintiff initially contends that the term limits rule does not apply because defendant is not a municipality, but instead is a public authority.  We reject that contention.  In *Matter of Lake v Binghamton Hous. Auth.* (130 AD2d 913, 914-915), the term limits rule was applied to the Binghamton Housing Authority, which is legally indistinguishable from defendant herein.  More recently, we applied the term limits rule to an urban renewal agency (*see Matter of City of Utica Urban Renewal Agency v Doyle*, 66 AD3d 1495, 1496), and we can perceive no reason why a housing authority should be treated differently from such an agency.

Plaintiff further contends that the term limits rule applies only to actions that require Board approval.  According to plaintiff, the initial Agreement, although approved by the Board, did not require Board approval under defendant's procurement policy.  We reject that contention as well.  Section II (A) of defendant's procurement policy provides that, "[n]otwithstanding the Executive Director's broad authority and responsibility to approve and execute SHA procurement actions, the Executive Director shall submit all contracts or procurement actions that exceed $50,000 or that are, or may be, the subject of contested awards to the SHA Board of Commissioners for consideration and for such action as the Commission may deem proper."  Pursuant to that provision, the initial Agreement was necessarily submitted to the Board for its "consideration" because the total compensation paid thereunder to plaintiff exceeded $50,000.

Plaintiff nevertheless relies on Section II (C) of the procurement policy, which provides that "the Board shall maintain the duty to review and approve the award of purchases and contracts for equipment, materials, supplies and *non-personal services* in excess of $50,000 and that the Board shall also maintain the duty to review and approve any contract change orders in excess of $50,000" ([emphasis added]).  Plaintiff asserts that its Agreement with defendant did not provide "non-personal services," and thus did not require Board approval.  Although the procurement policy does not define "non-personal services," we conclude that the security consultation services rendered by plaintiff were not personal in nature, and that Board approval was thus required.

Finally, we reject plaintiff's contention that the term limits rule does not apply because the Agreement did not infringe upon the ability of future Boards to exercise any *governmental* powers.  As noted above, the term limits rule "prohibits one municipal body from contractually binding its successors in areas relating to governance" (*Karedes*, 100 NY2d at 50).  The rule does not apply, however, to contracts that relate only to business or proprietary matters, such as the administration of a municipal golf course in *Karedes* (*id*.).  Here, we conclude that providing security to its tenants is not a business or proprietary matter for defendant.  Instead, ensuring the safety of its residents is one of its core responsibilities and relates directly to matters of governance.  Plaintiff mistakenly focuses on the specific duties performed by Kwiek, asserting that, because he had no authority to make decisions concerning defendant's operations, or policies, or the employment of off-duty police officers, he did not exercise any governmental powers.  The focus should instead be on whether *defendant* was exercising governmental powers when it entered the contract with plaintiff, and we answer that question in the affirmative.

In sum, the term limits rule applies because defendant's Board exercised governmental powers when it approved the Agreement with plaintiff in January 2000, and because the 10-year term of the Agreement exceeded the term of all members of the Board who approved the Agreement.  Although the terms of the Board members were staggered, five of the Board members served five-year terms, and two served two-year terms.  When the Board terminated the Agreement in 2007, only three of the seven Board members who approved the Agreement in 2000 were still on the Board.  Under the term limits rule, the 2000 Board was not permitted to bind contractually the 2007 Board or any subsequent Board to retain plaintiff as a security consultant (*see Karedes*, 100 NY2d at 50).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court