(May 20, 2015)

 AFA Protective Systems, Inc., Appellant, v Orange Regional Medical Center, Respondent. [9 NYS3d 616]—

In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated May 17, 2013, as denied its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

In August 2011, the plaintiff, AFA Protective Systems, Inc. (hereinafter AFA), contracted with the defendant, Orange Regional Medical Center (hereinafter ORMC), to inspect and maintain ORMC's fire alarm system for an initial period of five years. In March 2012, however, ORMC terminated the contract. AFA then commenced this action alleging that ORMC, by its premature termination, breached the contract. AFA seeks damages under the contract's liquidated damages clause. Before any discovery was conducted, AFA moved for summary judgment on the complaint. ORMC opposed the motion and cross-moved for summary judgment dismissing the complaint, or, in the alternative, limiting AFA's damages to the unpaid portion of the first year of the contract. The Supreme Court denied both AFA's motion and ORMC's cross motion. AFA appeals from so much of the Supreme Court's order as denied its motion.

Contracts are to be construed as the parties intended. When the contract is in writing, the best evidence of what the parties intended is what they said in that writing (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*id.* at 569). In support of its motion for summary judgment, AFA submitted the contract, which clearly stated that it was for an initial five-year term, but could be terminated by either party thereafter. AFA also submitted evidence that it had performed its obligations under the contract, that ORMC breached the contract by prematurely terminating it, and that the contract itself provided for the measure of damages. In opposition to AFA's prima facie showing of entitlement to judgment as a matter of law (*see Patsis v Nicolia*, 120 AD3d 1326, 1327 [2014]), ORMC failed to raise a triable issue of fact (*see Beys Specialty, Inc. v Euro Constr. Servs., Inc.*, 125 AD3d 911 [2015]; *Great Neck Terrace Owners Corp. v McCabe*, 101 AD3d 944, 946 [2012]). Moreover, ORMC's contention that AFA's motion was premature is without merit (*see 1375 Equities Corp. v Buildgreen Solutions, LLC*, 120 AD3d 783, 784-785 [2014]). Accordingly, the Supreme Court should have granted AFA's motion for summary judgment on the complaint (*id.*). Balkin, J.P., Roman, Maltese and Barros, JJ., concur.