Friedman v Goldstein (2020 NY Slip Op 07548)





Friedman v Goldstein


2020 NY Slip Op 07548


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-06356
 (Index No. 502699/15)

[*1]Shimon Friedman, appellant, 
v
Joseph Goldstein, et al., respondents. Jacob Laufer, P.C., New York, NY (Mark Ellis of counsel), for appellant.


Israel Vider, Brooklyn, NY (Lonuzzi & Woodland, LLP [John Lonuzzi], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated April 21, 2017. The order, insofar as appealed from, upon reargument, in effect, vacated a determination in an order of the same court dated December 1, 2015, denying the defendants' prior motion pursuant to CPLR 3211(a) to dismiss the complaint and to compel the plaintiff to submit to arbitration, and thereupon granted the defendants' prior motion, and denied the plaintiff's cross motion for summary judgment on the complaint and to impose sanctions.
ORDERED that the order dated April 21, 2017, is modified, on the law, (1) by deleting the provisions thereof, upon reargument, in effect, vacating the determination in the order dated December 1, 2015, denying those branches of the defendants' prior motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Joseph Goldstein and 47th Street Capital, LLC, and to compel the plaintiff to submit to arbitration, and thereupon granting those branches of the defendants' prior motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated December 1, 2015, denying those branches of the defendants' prior motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendants Joseph Goldstein and 47th Street Capital, LLC, and substituting therefor a provision granting that branch of the plaintiff's cross motion; as so modified, the order dated April 21, 2017, is affirmed insofar as appealed from, without costs or disbursements.
On September 25, 2012, the plaintiff's parents, Isidore Friedman and Susan Friedman, invested in the defendant Dahava Petroleos SAECA (hereinafter Dahava), a Paraguayan corporation that owned drilling rights to various oil fields in Paraguay. A check dated September 25, 2012, from the bank account of YMSF Family Partnership, LP, negotiated by the plaintiff's mother, in the amount of $100,000, was issued to the defendant 47th Street Capital, LLC (hereinafter Capital). Capital deposited the check into its bank account maintained at TD Bank. The defendant Joseph Goldstein, a principal shareholder of Dahava, and Isidore Friedman signed an agreement dated October 21, 2012, entitled "Invoice," acknowledging the $100,000 investment and stating that the investment included the option to have the entire investment returned "in full in case [Dahava] didn't [*2]go public after 90 days from the time of the investment" (hereinafter the October 2012 agreement).
Pursuant to a separate agreement executed in January 2013, between Goldstein and Ari Thaler, on behalf of Gladstone Advisors, S.A. (hereinafter Gladstone), a Swiss entity, Goldstein transferred 19,153,684 shares of Dahava stock to Gladstone. The January 2013 agreement noted that Gladstone and Goldstein were "among the parties to a pooling agreement dated February 2013, under which they have agreed . . . to sell the shares only from the joint pool in an orderly fashion under the sole discretion of [Goldstein]." Various disputes arose between Goldstein, as Dahava's representative, and Thaler, as Gladstone's representative. Goldstein, Thaler, and a group who invested along with Thaler, appeared before a rabbinical arbitration panel to arbitrate their disputes. In November 2014, the Rabbinical Court issued its ruling regarding those disputes.
By assignment executed February 9, 2015, the plaintiff's parents, personally and on behalf of YMSF Family Partnership, LP, assigned their right, title, and interest in the Dahava investment, and any claims deriving therefrom, to the plaintiff. Thereafter, in March 2015, the plaintiff commenced this action against the defendants to recover damages for breach of contract, fraud, and unjust enrichment, and to rescind the October 2012 agreement. The plaintiff alleged that, in addition to Goldstein making false representations, the defendants failed to return the $100,000 investment despite the fact that no initial public offering of Dahava shares occurred within 90 days of the subject investment despite a demand for same having been made.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and to compel the plaintiff to submit to arbitration before the rabbinical arbitration panel pursuant to the November 2014 Rabbinical Court ruling, arguing, inter alia, that Gladstone's shares in Dahava included the shares earmarked for the plaintiff's parents. The plaintiff opposed the defendants' motion and cross-moved to lift the automatic stay of discovery pursuant to CPLR 3214(b). In an order dated December 1, 2015, the Supreme Court, inter alia, denied the defendants' motion to dismiss the complaint and to compel arbitration, finding that the plaintiff was not bound by the Rabbinical Court's November 2014 ruling.
Subsequently, the defendants moved, inter alia, for leave to reargue their prior motion to dismiss the complaint and to compel the plaintiff to submit to arbitration. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint and to impose sanctions. In an order dated April 21, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for leave to reargue and, upon reargument, granted the defendants' prior motion. The court also denied the plaintiff's cross motion for summary judgment on the complaint and to impose sanctions. The plaintiff appeals from so much of the order dated April 21, 2017, as, upon reargument, in effect, vacated the determination in the order dated December 1, 2015, denying the defendants' prior motion to dismiss the complaint and to compel him to submit to arbitration, and thereupon, granted that motion. The plaintiff also appeals from so much of the order dated April 21, 2017, as denied his cross motion for summary judgment on the complaint and to impose sanctions.
Business Corporation Law § 307 provides for service of process on unauthorized foreign corporations. Process against a foreign corporation not authorized to do business in New York may be served upon the Secretary of State as its agent (see Business Corporation Law § 307[a]). "Such service shall be sufficient if notice therefor and a copy of the process are" delivered personally to the foreign corporation in the manner by which service of process is authorized by the law of the jurisdiction where the service is made, or "[s]ent by . . . registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state, or with any official . . . in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last address . . . known to the plaintiff" (Business Corporation Law § 307[b][1], [2]).
Here, the plaintiff failed to establish that he properly served Dahava, a foreign corporation not authorized to do business in New York, pursuant to Business Corporation Law § 307 (see Stewart v Volkswagen of Am., 81 NY2d 203, 208; Gillespie v Inter-Continental Hotels Corp., 85 AD3d 1683, 1685; cf. Hernandez v Cottrell, Ltd., 228 AD2d 648, 649). An affidavit of service [*3]indicated that Dahava was served on June 5, 2015, by delivery of the summons and complaint on the Secretary of State. A separate affidavit of service stated that on June 11, 2015, a copy of the summons and complaint was sent by registered mail, return receipt requested, to Dahava at the address listed at the top of the October 2012 agreement. The plaintiff, however, did not establish that he attempted to ascertain whether an address was on file with the Paraguayan equivalent of the Secretary of State before resorting to mailing the summons and complaint to Dahava's last known address set forth in the October 2012 agreement (see Stewart v Volkswagen of Am., 81 NY2d at 208). Since the failure to comply with Business Corporation Law § 307 is a jurisdictional defect (see Gillespie v Inter-Continental Hotels Corp., 85 AD3d at 1685), we agree with the Supreme Court's determination, upon reargument, granting that branch of the defendants' prior motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Dahava for lack of personal jurisdiction.
"Arbitration is a matter of contract grounded in agreement of the parties" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [citation and internal quotation marks omitted]). A signed, written agreement to arbitrate, however, is not necessary "'so long as there is other proof that the parties actually agreed on it'" (God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374, quoting Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291, 299). "A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' clear, explicit and unequivocal agreement to arbitrate" (God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d at 374 [internal quotation marks omitted]).
Here, the defendants failed to submit evidence establishing that either the plaintiff or his parents were parties to the agreement to arbitrate before the rabbinical arbitration panel. Accordingly, upon reargument, the Supreme Court should have adhered to the original determination, denying those branches of the defendants' prior motion which was to compel the plaintiff to submit to arbitration and to dismiss the complaint insofar as asserted against Goldstein and Capital.
"Contracts are to be construed as the parties intended" (AFA Protective Sys., Inc. v Orange Regional Med. Ctr., 128 AD3d 869, 870). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the cause of action alleging breach of contract (see AFA Protective Sys., Inc. v Orange Regional Med. Ctr., 128 AD3d at 870). The agreement between Goldstein and the plaintiff's father, which was later assigned to the plaintiff, clearly provided for a full refund of the principal investment, upon demand, in the event that Dahava did not go public within 90 days from the date of the investment. The plaintiff submitted evidence demonstrating that a principal investment of $100,000 was paid to Capital on September 25, 2012, which was then deposited into its bank account on which Goldstein was the only authorized signatory. Moreover, according to the plaintiff's affirmation submitted in support of his cross motion for summary judgment on the complaint, there was no public offering of Dahava's shares in 2012 or 2013, he demanded full repayment of the principal investment of $100,000 from the defendants, and the defendants refused to return the $100,000. In opposition, the defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment on the cause of action alleging breach of contract insofar as asserted against Goldstein and Capital.
The plaintiff's remaining contentions either need not be addressed in light of our determination or are without merit.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court