Riesenburger Props., LLLP v Pi Assoc., LLC (2021 NY Slip Op 01435)





Riesenburger Props., LLLP v Pi Assoc., LLC


2021 NY Slip Op 01435


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-00301
 (Index No. 709221/14)

[*1]Riesenburger Properties, LLLP, respondent,
v
Pi Associates, LLC, et al., appellants.


Rosenberg & Estis, P.C., New York, NY (Warren A. Estis, Norman Flitt, and Alexander R. Yarm of counsel), for appellants Pi Associates, LLC, James Pi, and 3909 Main Street, LLC.
Law Offices of Michael P. Berkley, P.C., Garden City, NY (Sherry H. Lin of counsel), for appellant Carat & Co., Inc.
James R. Anderson, Harrison, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Pi Associates, LLC, James Pi, and 3909 Main Street, LLC, appeal, and the defendant Carat & Co., Inc., separately appeals, from a judgment of the Supreme Court, Queens County (Leonard Livote, J.), entered December 10, 2018. The judgment, insofar as appealed from, upon a decision of the same court entered August 3, 2018, made after a nonjury trial, (1) is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, jointly and severally, in the principal sum of $2,351,865.69, which sum represents certain rent due to the plaintiff for the period from August 1, 2011, through November 28, 2018, (2) is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, awarding the plaintiff the value of the use and occupancy of the premises from December 1, 2014, through December 10, 2018, (3) awarded the plaintiff possession of the premises, (4) awarded the plaintiff attorney's fees payable by the defendants Pi Associates, LLC, and 3909 Main Street, LLC, and (5), in effect, dismissed the counterclaim of the defendants Pi Associates, LLC, James Pi, and 3909 Main Street, LLC.
ORDERED that the appeal by the defendant James Pi from so much of the judgment as (1) is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, jointly and severally, in the principal sum of $2,351,865.69, (2) is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, awarding the plaintiff the value of the use and occupancy of the premises from December 1, 2014, through December 10, 2018, (3) awarded the plaintiff possession of the premises, and (4) awarded the plaintiff attorney's fees payable by the defendants Pi Associates, LLC, and 3909 Main Street, LLC, is dismissed, without costs or disbursements, as the defendant James Pi is not aggrieved by those portions of the judgment (see CPLR 5511); and it is further,
ORDERED that the separate appeal by the defendant Carat & Co., Inc., from so much of the judgment as (1) is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, jointly and severally, in the principal sum of $2,351,865.69, (2) is in favor [*2]of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main, LLC, awarding the plaintiff the value of the use and occupancy of the premises from December 1, 2014, through December 10, 2018, (3) awarded the plaintiff attorney's fees payable by the defendants Pi Associates, LLC, and 3909 Main Street, LLC, and (4), in effect, dismissed the counterclaim of the defendants Pi Associates, LLC, James Pi, and 3909 Main Street, LLC, is dismissed, without costs or disbursements, as the defendant Carat and Co., Inc., is not aggrieved by those portions of the judgment (see CPLR 5511); and it is further,
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof which is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, jointly and severally, in the principal sum of $2,351,865.69, which sum represents certain rent due to the plaintiff for the period from August 1, 2011, through November 28, 2018, and substituting therefor a provision which is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, jointly and severally, in the principal sum of $511,840, which sum represents certain rent due to the plaintiff for the period from August 1, 2011, through November 30, 2014; as so modified, the judgment is affirmed insofar as appealed from by the defendants Pi Associates, LLC, and 3909 Main Street, LLC, and insofar as reviewed on the appeal by the defendant James Pi and the separate appeal by the defendant Carat and Co., Inc., without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a recalculation of interest on the award, and thereafter for the entry of an appropriate amended judgment.
In April 2003, the plaintiff leased certain commercial property to the defendant Pi Associates, LLC (hereinafter Pi Associates). The lease executed by those parties in 2003 incorporated by reference the terms and conditions of a prior lease, dated July 1, 1994, and provided that Pi Associates would become the lessee of the property in accordance with the terms and conditions of the 1994 lease, except as modified by the 2003 lease. Pursuant to paragraph 11(a) of the 1994 lease, Pi Associates was required to pay to the plaintiff 70% of any sublet rent it received that was in excess of the base rent payable to the plaintiff (hereinafter excess rent).
In 2011, Pi Associates assigned the lease to the defendant 3909 Main Street, LLC (hereinafter 3909 Main), and 3909 Main subleased the property to the defendant Carat & Co., Inc. (hereinafter Carat), for a 10-year term commencing on August 1, 2011. Subsequently, the plaintiff served 15-day notices of default dated October 7, 2014, on Pi Associates, Pi Associates' principal James Pi, and 3909 Main (hereinafter collectively the Pi defendants), alleging several defaults, including the assignment of the lease to 3909 Main, the sublease between 3909 Main and Carat, and the failure to pay excess rent. On December 1, 2014, the plaintiff served 3-day notices of cancellation on the Pi defendants.
On December 2, 2014, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and to recover possession of the subject premises. The Pi defendants asserted a counterclaim for conversion of certain funds they claimed represented a security deposit on the premises. In a decision made after a nonjury trial, the Supreme Court, inter alia, determined that Pi Associates and 3909 Main breached the 2003 lease by failing to pay excess rent to the plaintiff. The court further determined that the plaintiff had terminated the lease on December 1, 2014, and was entitled to possession of the premises as well as the value of the use and occupancy of the premises from that date through the date of the plaintiff's recovery of possession.
In a judgment entered December 10, 2018, the Supreme Court, inter alia, awarded the plaintiff the principal sum of $2,351,865.69, representing excess rent due to the plaintiff for the period from August 1, 2011, through November 28, 2018, awarded the plaintiff possession of the premises and the value of the use and occupancy of the premises from December 1, 2014, through December 10, 2018, in an amount to be determined upon referral to a referee to hear and report, and, in effect, dismissed the Pi defendants' counterclaim. The Pi defendants appeal, and Carat separately appeals, from the judgment.
In reviewing a determination made after a nonjury trial, the power of this Court is as [*3]broad as that of the trial court, and we may render the judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Bolender v Ronin Prop. Partners, LLC, 168 AD3d 1032, 1035).
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569).
Here, we agree with the Supreme Court's determinations that Pi Associates and 3909 Main breached the 2003 lease by failing to pay excess rent pursuant to paragraph 11(a) of the 1994 lease, and that this paragraph was not superseded by paragraph 4 of the 2003 lease, which merely exempted Pi Associates, under certain circumstances, from paying "costs and charges," rather than excess rent, relating to a sublet of the property.
Additionally, pursuant to paragraph 17(2) of the 2003 lease, the plaintiff was entitled, without notice, to re-enter the premises and dispossess the tenant or occupant by summary proceedings or otherwise, on the basis of any rent defaults. The plaintiff exercised its right by virtue of the commencement of this action, inter alia, to recover possession of the premises (see Michaels v Fishel, 169 NY 381, 389; see also 542 Holding Corp. v Prince Fashions, Inc., 2006 NY Slip Op 30549[U] [Sup Ct, NY County]). Accordingly, the Supreme Court properly determined that the lease was terminated and that the plaintiff was entitled to possession of the premises.
However, as the plaintiff correctly concedes, it was not entitled to recover excess rent for the period following the termination of the lease. Since the Supreme Court determined that the lease terminated effective December 1, 2014, Pi Associates and 3909 Main became holdover tenants as of that date. The damages attributable to those defendants' continued occupation of the premises after that date were not due "under the lease," but, rather, were properly awarded by the court as use and occupancy for the reasonable value of the premises, in an amount to be determined upon referral to a referee to hear and report (see Matter of First Am. Tit. Ins. Co. v Cohen, 163 AD3d 814, 816). Consequently, the plaintiff is only entitled to recover excess rent for the period from August 1, 2011, through November 30, 2014. For that period, we find that the plaintiff demonstrated at trial that it was entitled to excess rent in the principal sum of $511,840, and we modify the judgment accordingly.
Contrary to the Pi defendants' contention, the Supreme Court properly dismissed their counterclaim against the plaintiff alleging conversion of funds paid by Pi Associates pursuant to paragraph 1 of the 2003 lease. Considering the contract terms "in the light of the obligation as a whole and the intention of the parties" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [internal quotation marks omitted]), we agree with the court's conclusion that the payment of the funds under that paragraph of the lease did not constitute a security deposit to which General Obligations Law § 7-103 would apply.
The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court