Rubinstein v C & A Mktg., Inc. (2022 NY Slip Op 03136)





Rubinstein v C & A Mktg., Inc.


2022 NY Slip Op 03136


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-07510
2019-11356
 (Index No. 522835/18)

[*1]Chaya Rubinstein, et al., appellants,
v
C & A Marketing, Inc., et al., respondents.


Jonathan E. Neuman, Fresh Meadows, NY, for appellants.
Goldberg Weg & Markus PLLC, New York, NY (Israel Goldberg and Helen J. Setton of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and wrongful termination, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated April 29, 2019, and (2) an order of the same court dated August 30, 2019. The order dated April 29, 2019, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The order dated August 30, 2019, insofar as appealed from, in effect, upon renewal and reargument, adhered to the prior determination in the order dated April 29, 2019.
ORDERED that the order dated April 29, 2019, is reversed, on the law, that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint is denied, and the order dated August 30, 2019, is vacated; and it is further,
ORDERED that the appeal from the order dated August 30, 2019, is dismissed as academic in light of our determination on the appeal from the order dated April 29, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In November 2018, the plaintiff Chaya Rubinstein and the plaintiff New Way Development USA, Inc., a domestic corporation owned by Rubinstein, commenced this action against the defendants, inter alia, to recover damages for breach of contract and wrongful termination. The complaint alleges that Rubinstein was employed by the defendants from 2007 through August 2018, and that pursuant to an employment agreement between the parties, Rubinstein was to receive, among other things, commissions based on the sales that she made. According to Rubinstein, however, the defendants continuously deferred payments of these commissions due to her gender, and allegedly terminated Rubinstein's employment after she refused to accept an offer which would have settled her commission dispute for less than one-fifth of the amount that was purportedly owed. In lieu of an answer, the defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In support of their motion, the defendants submitted the subject employment agreement, which consisted of a "BINDING CONTRACT" followed by an "Annex to Non-Compete Agreement."
The Annex to Non-Compete Agreement sets forth, among other things, Rubinstein's salary and the commission structure. In addition, the tenth paragraph of the Annex to Non-Compete Agreement states: "Third party in case of a disagreement: Rabbi Shlomo Gross (Belze Dayan) or Rabbi Meir Labin." In the defendants' view, this provision constituted an arbitration agreement that was intentionally drafted to broadly encompass any possible employment-related dispute that may arise between the parties. Since the allegations in the complaint were based on Rubinstein's employment, the defendants asserted that she was bound by the arbitration clause, and thus, the complaint should be dismissed. In opposition to the defendants' motion, the plaintiffs argued, among other things, that the language in the tenth paragraph of the Annex to Non-Compete Agreement was too ambiguous to constitute a binding arbitration agreement since it merely referred to disagreements and did not specify the types of disputes or disagreements to which it applied.
In an order dated April 29, 2019, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, finding that the purported arbitration clause was valid and enforceable, and thus, the plaintiffs were bound by the arbitration clause. The plaintiffs subsequently moved for leave to renew and/or reargue their opposition to the defendants' motion, inter alia, to dismiss the complaint. In an order dated August 30, 2019, the court, in effect, upon renewal and reargument, adhered to the determination in the order dated April 29, 2019. The plaintiffs appeal from both orders.
"Arbitration is a matter of contract, and arbitration clauses, which are subject to ordinary principles of contract interpretation, must be enforced according to their terms" (Rutella v National Sec. Corp., 172 AD3d 1124, 1125-1126; see Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA, 26 NY3d 659, 665). Thus, "a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes'" (Matter of Waldron [Goddess], 61 NY2d 181, 183, quoting Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1, 6; see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374). "The agreement must be clear, explicit and unequivocal and must not depend upon implication or subtlety" (Matter of Waldron [Goddess], 61 NY2d at 183-184 [citations omitted]; see Friedman v Goldstein, 189 AD3d 1183, 1186).
Here, the provision, "[t]hird party in case of a disagreement: Rabbi Shlomo Gross (Belze Dayan) or Rabbi Meir Labin," does not expressly and unequivocally establish that the parties agreed to arbitrate the plaintiffs' claims for unpaid commissions or wrongful termination (see Rosen v Rosen, 172 AD3d 934, 934-935; Giffone v Berlerro Group, LLC, 163 AD3d 780, 780-781). Moreover, this provision ambiguously refers to a disagreement, but does not specify the types of disagreements to which it applies (see Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1079; cf. Matter of Cusimano v Berita Realty, LLC, 103 AD3d 720, 721), or otherwise state that it applies to any dispute that may arise between the parties (see Zafar v Fast Track Leasing, LLC, 162 AD3d 1100, 1101-1102; Matter of City of Newburgh v McGrane, 82 AD3d 1225, 1226). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions are either academic in light of our determination or without merit.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.

2019-07510 DECISION & ORDER ON MOTION
2019-11356
Chaya Rubinstein, et al., appellants,
v C & A Marketing, Inc., et al., respondents.
(Index No. 522835/18)

Motion by the respondents, inter alia, to strike the appellants' brief or stated portions of the appellants' brief on appeals from two orders of the Supreme Court, Kings County, dated April 29, 2019, and August 30, 2019, respectively, on the ground that they refer to matter dehors the record or raise arguments for the first time on appeal, and, in effect, to dismiss the appeal from the order dated August 30, 2019, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated June 10, 2020, those branches of the motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the respondents' motion which is to strike the appellants' brief or stated portions of the appellants' brief is granted to the extent that the portion of the appellants' brief identified as footnote 1 on page 11 is stricken and has not been considered in the determination of the appeals, and that branch of the motion is otherwise denied; and it is further,
ORDERED that the branch of the respondents' motion which is to dismiss the appeal from the order dated August 30, 2019, is denied as academic.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court