NNH Mkts. Corp. v 31-18 24th Ave. LLC (2025 NY Slip Op 50422(U))

[*1]

NNH Mkts. Corp. v 31-18 24th Ave. LLC

2025 NY Slip Op 50422(U)

Decided on April 1, 2025

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 1, 2025
Supreme Court, Queens County

NNH Markets Corp., Plaintiff,

against
31-18 24th Avenue LLC, Defendant.

Index No. 719555/2022

Michael S. Fischman, Esq.
Phillips Nizer LLP
Attorneys for Plaintiff 
485 Lexington Avenue, 14th Floor
New York, New York 10017
Phone number: (212) 977-9700
Email address: mfischman@phillipsnizer.com
Peter Moulinos, Esq.
Moulinos & Levinas PLLC
Attorneys for Defendant
150 East 58th Street, 25th Floor 
New York, New York 10155
Phone number: (212) 832-5981
Email address: peter@moulinos.com

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF under the motion and cross motion as: 47-76 were read on the motion by defendant 31-18 24th Avenue LLC (defendant), for summary judgment pursuant to CPLR 3212, on its first counterclaim and to dismiss plaintiff NNH Markets Corp.'s (plaintiff), first cause of action, seeking an award of attorneys' fees, costs and expenses in [*2]an amount no less than $32,518.17, seeking an award of additional expenses incurred by defendant in an amount not less than $19,549.30, and directing that such sums be paid to defendant from the preliminary injunction bond filed by plaintiff in this action; and by notice of cross-motion by plaintiff for summary judgment pursuant to CPLR 3212, on its first cause of action, and to vacate a preliminary injunction bond (Bond No. 68C218653), issued by nonparty Liberty Mutual Insurance Company, effective December 7, 2022.
Upon the foregoing papers it is ordered that the motion and cross-motion are determined together as follows:
This is a declaratory judgment and injunction action, in which plaintiff seeks a declaration that it is not in default of a lease agreement entered into between the parties dated May 11, 2018. Defendant was the alleged owner of two commercial condominium units, bearing unit numbers 1001 and 1003, which were part of nonparty Katina Condominiums, located at 31-12 24th Avenue, in the County of Queens. Defendant allegedly leased to plaintiff said commercial condominium units. Plaintiff has alleged that, subsequent to the performance of certain construction work on the units at the premises, plaintiff has cured any alleged default of the lease, while defendant has alleged that plaintiff defaulted under the lease agreement and that it is entitled to attorneys' fees, costs and expenses under the terms of the agreement. As is relevant on the motion and cross-motion, in the complaint, plaintiff's first cause of action seeks a declaratory judgment while in its first counterclaim, defendant seeks reasonable attorney's fees and costs.
In an order dated October 6, 2022, and entered on October 12, 2022, the court granted to plaintiff an injunction to the extent that defendant was enjoined from pursuing summary proceedings to evict plaintiff, taking any action to terminate the subject lease, or otherwise interfering with plaintiff's occupancy and possession of the premises on the basis of alleged defaults set forth in a notice to cure dated August 8, 2022, during the pendency of this action. The court also directed defendant to cooperate with plaintiff to allow plaintiff to comply with all New York City Building Department Codes, Rules and Regulations, and the order was conditioned upon plaintiff paying all future rents and additional rents in a timely manner and filing an undertaking in accordance with CPLR 6312, in the amount of $100,000.00.
Defendant has now moved for summary judgment while plaintiff has cross-moved for summary judgment. " 'To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented' " (Matter of New York City Asbestos Litig., 33 NY3d 20, 25 [2019], quoting Glick & Dolleck, Inc. v Tri—Pac Export Corp., 22 NY2d 439, 441 [1968]). " 'Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable' " (Matter of New York City Asbestos Litig., 33 NY3d at 25, quoting Forrest v Jewish Guild for the Blind, 3 NY3d 295, 315 [2004]). Supreme Court "may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed" (CPLR 3001; see Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d 880, 883 [2d Dept 2021]).
In support of its motion, defendant has argued that plaintiff defaulted on the lease agreement and that, pursuant to the terms of the lease agreement, defendant is entitled to attorneys' fees, costs, and expenses, in order to indemnify defendant for plaintiff's alleged failure to complete certain improvements and additions to the premises, for plaintiff's alleged failure to obtain final signoffs and approvals for work performed, and due to plaintiff's commencement of [*3]the instant action. In opposition, and in support of its cross-motion, plaintiff has argued that that has been no finding that plaintiff is in breach or default of the lease agreement, that there was no time limit in the lease agreement in which plaintiff was to complete the work on the premise and close the open permits, and that there were no damages caused to defendant to which the undertaking in this action would apply. Plaintiff has further argued that defendant is not entitled to any fees, that there is no basis for awarding defendant any damages on the non-legal fee invoices, and that the bond should be vacated and the action dismissed.
The record in this matter contains, among other things, copies of the pleadings, the affidavit of nonparty Nooreldeen Hamdan (Hamdan), plaintiff's President, the affidavit of nonparty George Kalergios (Kalergios), defendant's principal, a copy of a lease agreement dated May 11, 2018, between the parties, a copy of a notice to cure dated August 8, 2022, and copies of three letters of completion from nonparty NYC Department of Buildings generated on May 13, 2024. 
In his affidavit, Kalergios stated that he was defendant's principal, and that defendant was the owner of commercial condominium unit numbers 1001 and 1003. He further stated that defendant leased to plaintiff, pursuant to a written agreement, both commercial condominium units, that plaintiff was obligated under said lease agreement to make any alterations and/or improvements to the premises in compliance with all applicable laws, and that plaintiff defaulted on the terms of the lease agreement when plaintiff failed to complete improvements and additions to the leased premises, and to obtain final signoffs and approvals for open work permits with nonparty New York City Department of Buildings. In her affidavit, Hamdan stated that delays in obtaining the requisite "sign offs" on the work were caused by Kalergios' refusal to execute required documentation, and that plaintiff engaged in litigation to obtain an injunction in response to defendant's notice to cure.
The lease agreement between the parties provides, in relevant part at paragraph 5 (A), the following:
"Tenant, at its own cost and expense, shall obtain all permits, certificates, licenses and approvals necessary to legally occupy the Demised Premises, or any part thereof, and to operate the business contemplated and the equipment used therefor from the municipal or other governmental authorities and Tenant, at its own cost and expense, shall perform any work, labor or service and furnish all necessary materials necessary or required in order for Tenant to obtain the foregoing and to comply with the same, and Tenant will hold Landlord harmless from any and every liability for same. All alterations, additions and improvements made by Tenant shall be made in such a manner that they shall be legal installations in accordance with all laws, regulations, conditions, and ordinances of all federal, state, county and municipal governments and appropriate departments, commissions, boards and offices thereof."
In response to defendant's notice to cure stating that plaintiff was in violation of paragraph 5 (A), in the order dated October 6, 2022, the court granted plaintiff a Yellowstone injunction (see generally First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630 [1968]), permitting plaintiff time to cure any alleged default or failure to adhere to the lease terms. Subsequently, pursuant to three letters of completion from the NYC Department of Buildings, plaintiff obtained "sign offs" for the work at the premises on or about March 3, 2023. In light of the above evidence, taking into account the lease provisions, plaintiff has sufficiently demonstrated that it is not in default of the terms of the lease agreement. In opposition, [*4]defendant has failed to point to sufficient evidence to raise a triable issue of fact. As such, plaintiff's motion for summary judgment on the cause of action for a declaratory judgment is granted.
The purpose of posting of an undertaking as a condition to the granting of a Yellowstone injunction is to provide insurance to a defendant should it suffer damages during the time said injunction is in force (CPLR 6312 [b]; see 6 Warren's Weed New York Real Property [4th ed 2004] § 2.12 [6] [a], p. 42, citing Weitzen v 130 East 65th St. Sponsor Group, 86 AD2d 511 [1st Dept. 1982]; see generally Hofstra Univ. v Nassau County, New York, 166 AD3d 863, 865 [2d Dept 2018]; see also Duane Reade, v 405 Lexington, LLC, 2004 NY Slip Op 30092 [U] [Sup Ct, New York County 2004]). Inasmuch as the court has determined that plaintiff was not in breach or default of the terms of the lease agreement, and there has been no sufficient showing of damages resulting from an erroneous grant of the Yellowstone injunction in this matter, said injunction and the undertaking posted in the form of a bond in the amount of $100,000.00, are, hereby, vacated.
Next, as to the branch of defendant's motion for attorneys' fees, costs, and expenses, defendant has argued that pursuant to paragraph 23 of the lease agreement, it is entitled to such. Paragraph 23 of the lease agreement provides the following:
"Tenant shall defend, indemnify and hold harmless Landlord from and against any and all claims, demands, liabilities, losses, expenses, costs, damages, suits, actions, and judgments of every kind and nature (including reasonable legal fees), by or on behalf of any person, firm, association, or corporation arising out of, or based on, any accident, injury or damage, however occurring, except those claims solely attributable to Landlord's misconduct or any conduct of any other unit owner in the Building, which shall or may happen in, on, or about the Demised Premises, or in, on or about the streets, sidewalks, and curbs appurtenant thereto, and from and against any matter or thing arising out of the condition, maintenance, repair, alteration, use, occupation, or operation of, the Demised Premises, or any part thereof, and the streets, sidewalks, and curbs appurtenant thereto (including, without limitation, any condition arising from any Hazardous Environmental condition, or a violation of environmental law, order or regulation, federal, state or local, caused by Tenant, its agents, employees, invitees, licensees or contractors ), and from and against all legal fees, costs, charges and expenses paid or incurred by Landlord in com1ection with any matter indemnified herein, which indemnification and hold harmless shall survive the termination or cancellation of this Lease Agreement."
"It is well settled that a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]; see Riesenburger Properties, LLLP v Pi Assoc., LLC, 192 AD3d 835 [2d Dept 2021]). A "written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, Inc., 98 NY2d 562, 569 [2002]; see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro, 25 NY3d 485, 493 [2015]; Friedman v Goldstein, 189 AD3d 1183, 1187 [2d Dept 2020]; Dysal, Inc. v Hub Props. Trust, 92 AD3d 826, 827 [2d Dept 2012]). " 'Whether an agreement is ambiguous is a question of law for the courts ... Ambiguity is determined by looking within the four corners of the document, not to outside sources' " (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009], [*5]quoting Kass v Kass, 91 NY2d 554, 566 [1998]; see Gristede's Operating Corp. v Scarsdale Shopping Ctr. Assoc., LLC, 176 AD3d 1185, 1188 [2d Dept 2019]). 
Based upon a review of the language of the lease terms and, in particular, paragraph 23, the court has concluded that the language is ambiguous as to attorneys' fees, costs and expenses that arise out of an action brought by a party to the agreement. As such, defendant has failed to satisfy its prima facie burden of demonstrating that it is entitled to recover attorneys' fees and costs under the agreement.
To the extent that defendant seeks to recover additional expenses, a review of the evidence in the record, including but not limited to Kalergios statements set forth in his affidavit and copies of certain invoices dated July 20, 2022, and April 26, 2023, which were annexed to the record in this matter, the court finds that, in addition to the issues raised by the ambiguities in the contract set forth above, defendant has failed to make a sufficient showing based upon admissible evidence that the "additional expenses" were incurred as a result of the acts and/or omissions of plaintiff that would entitle defendant to recover same under the terms of the lease agreement. Therefore, defendant is not entitled to summary judgment on its first counterclaim seeking reasonable attorney's fees and costs. The court notes that, despite the court's determination on the complaint, defendant's counterclaim survives.
The parties' remaining contentions have been considered and found to be unavailing.
Accordingly, it is
ORDERED and ADJUDGED that plaintiff's motion for summary judgment on its first cause of action for a judgment declaring that plaintiff is not in default or in breach of the lease agreement between the parties and that any alleged defaults or breaches of said agreement have been cured is granted, and the Yellowstone injunction and the bond posted by plaintiff in the amount of $100,000.00, are vacated.
Defendant's cross-motion for summary judgment on its first counterclaim is denied
DATED: April 1, 2025
ROBERT I. CALORAS, J.S.C.